UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 24-5192
(Civ. A. No. 24-0295)

EDWARD LANG, et al.,                                               Appellant,

   v.

DANIEL THAU,
D.C. Metropolitan Police, et al.,                       Appellees.

## **MOTION FOR SUMMARY AFFIRMANCE**

Appellees U.S. Capitol Police; J. Thomas Manger, Chief, U.S. Capitol Police; Eric Waldo, Deputy Chief, U.S. Capitol Police; Thomas Loyd, Captain, U.S. Capitol Police; Bryant Williams, Officer, U.S. Capitol Police; Michael Leroy Byrd, Captain, U.S. Capitol Police; Thomas A. Dibiase, General Counsel, U.S. Capitol Police; and James W. Joyce, Senior Counsel, U.S. Capitol Police ("Federal Appellees"), by and through undersigned counsel, respectfully move for summary affirmance of the Honorable Dabney L. Friedrich's April 30, 2024 Minute Order, dismissing the case without prejudice, and the June 19, 2024 Order

(R.16), denying the plaintiffs' motion for reinstatement of the case.[1] The District Court's dismissal for failure to identify all the plaintiffs as required by Federal Rule of Civil Procedure ("Rule") 10 and Local Civil Rule ("Local Rule") 5.1(c)(1) was plainly correct, and the District Court's was well within its discretion to decline to reinstate the case on a record still lacking compliance with the procedural rules or an explanation for their violation once the plaintiffs were represented by counsel. For these reasons, the merits of the appeal are "so clear as to make summary affirmance proper," *Walker v. Washington*, 627 F.2d 541, 545 (D.C. Cir. 1980), and "no benefit will be gained from further briefing and argument of the issues presented," *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297–98 (D.C. Cir. 1987). Therefore, the District Court's judgment should be summarily affirmed.

## BACKGROUND

On January 5, 2024, Edward ("Jake") Lang, proceeding pro se, filed a complaint on behalf of himself and, purportedly, twenty-six other plaintiffs listed by name only in the caption of the complaint and "All c/o

---

[1] A copy of the Order entered on June 19, 2024, is attached. This Order recounts the procedural history, including the April 30, 2024, Minute Order.

Jake Lang." Compl. (R.1) Page 10. Lang identified a Post Office box in the state of New York as his address. *Id.* The complaint was not signed by hand by any named plaintiff, except for certain documents entitled "Additional Plaintiff Joining in the Complaint" that were appended to the complaint and in some instances also included address but not phone numbers for individual plaintiffs. The complaint presented, among others, *Bivens*, tort, and 42 U.S.C. § 1983 claims for more than $5 million in damages against the District of Columbia, officials and officers of the District of Columbia Metropolitan Police Department, and officials and officers of the U.S. Capitol Police. Compl. (R.1) ¶¶ 37–41, 98-143, Prayer for Relief. The complaint stated it was filed on behalf of the named plaintiffs and a class of similar individuals allegedly injured by law enforcement during the events at the Capitol on the afternoon of January 6, 2021. *Id.* ¶¶ 32–34.

On January 9, 2024, Lang filed an amended complaint adding eighteen plaintiffs, several factual allegations, and one cause of action (negligence *per se*). Am. Compl. (R.2). On February 2, 2024, the District Court filed a standard procedural order informing plaintiffs of the need to follow the Rules and Local Rules. Standing Order (R.3).

On February 5, 2024, twenty-six individuals filed a motion for joinder (Mot. Join. (R.4)) and Lang filed a second amended complaint, adding forty-five new plaintiffs and removing thirteen prior plaintiffs still without providing address or telephone contact information for most. 2d Am. Compl. (R.5). The District Court granted the motion for joinder and leave for filing the second amended complaint. On April 2 and 3, 2024, nearly ninety days after the lawsuit was initiated, Lang, or someone acting on his behalf, first requested the issuance of summonses. Reqs. for Summons (R.6, R.7).

On April 7, 2024, the District Court ordered Plaintiffs to demonstrate proof of service or good cause for their failure to serve in accordance with applicable rules by May 6, 2024. *See* Min. Order of Apr. 7, 2024. On April 15, 2024, after an Assistant United States Attorney entered an appearance on behalf of the U.S. Capitol Police for the limited purpose of requesting to extend the time to oppose the motion for joinder. Not Appear (R.8); Mot. to Extend (R.9). The District Court granted the requested extension and ordered Plaintiffs to "show cause why the case should not be dismissed for failure to comply with Local

Rule 5.1(c)(1)" on or before April 29, 2024.  Min. Order of Apr. 15, 2024.

The District Court's Local Rule 5.1(c)(1) provides, in pertinent part:

> The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party. If the party does not wish its full residence address to appear on the public docket, it shall omit the address and simultaneously file under seal a notice containing its full address, which notice shall be available only to the Court and the opposing party. If the party is appearing pro se, the caption shall also include the party's telephone number, unless the pro se party wishes to include that in its sealed filing. Those filing pro se in forma pauperis must provide in the caption the name and full residence address or official address of each defendant. Failure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant.

Dist. Ct. LCvR 5.1(c)(1).

Neither Lang nor any other purported plaintiff responded to the Court's orders to show cause regarding service or party identification by their respective deadlines.  On April 30, 2024, the District Court dismissed the case without prejudice for failure to comply with the procedural rules requiring identification of parties.  Min. Order of Apr. 30, 2024.

On May 6, 2024, an attorney entered an appearance on behalf of all plaintiffs (Not. Appear (R.10)) and moved to reinstate the case.  Mot. Relief J. (R.11).  The motion, seeking relief under Rule 60(b), was

mistakenly predicated on setting aside a dismissal with prejudice (*id.* ¶ 4), but the District Court had dismissed without prejudice and there was no argument that the effect of the dismissal prevented counsel from refiling on behalf of properly identified plaintiffs.

As grounds for reinstatement, the motion contended that the lead plaintiff, Lang, was imprisoned and allegedly placed in solitary confinement after filing the second amended complaint. Lang's unavailability prevented his timely response to the District Court's orders and procedural compliance. The reinstatement motion further represented that "most" of the named plaintiffs besides Lang were also imprisoned. *See id.* ¶ 15. The motion argued that violating the requirements for party contact and identification information was an insufficient basis on which to dismiss the claims and that service of process had been accomplished by May 6, 2024. *Id.* ¶¶ 12, 14, 15, 18. The motion also contended that "unexpected and extreme hardship" would befall plaintiffs were their claims not adjudicated. *Id.* ¶ 15.

On May 13, 2024, the District Court entered a Minute Order, noting receipt of an electronic mail message from counsel for William Robert Norwood, which stated Norwood's "name and alleged signature is being

used" in this case "fraudulently, and without his consent, knowledge, or authorization." Min. Order of May 13, 2024. The District Court ordered "counsel for the plaintiffs shall file a status report informing the Court how Mr. Norwood's name and signature came to appear on an affidavit and whether this problem also affects other plaintiffs in this case." *Id*. Counsel for Plaintiffs subsequently filed a status report (Status Rep. (R.14)) and stated, "counsel was unaware of any problems surrounding Mr. Norwood's affidavit upon taking the case, nor does counsel know how Mr. Norwood's name and signature came to appear on an affidavit." *Id*. ¶ 10.

The Capitol Police opposed reinstatement (Opp'n (R.15)), arguing Plaintiffs made no attempt to comply with or to seek relief from Local Rule 5.1(c)(1) and offered no excusable explanation for their lack of response to the District Court's order to show cause. *Id*. at 4, 5.

On June 19, 2024, the District Court denied the motion to reinstate. Order (R.16). The District Court considered the motion under both Rules 59(e) and 60(b). *Id*. at 2. First, the District Court found that Plaintiffs forfeited any "clear error" argument because they did not raise an argument that the District Court improperly applied Local

Rule 5.1(c)(1). *Id.* at 2. Second, the District Court found that the motion failed to demonstrate "manifest injustice" because the dismissal without prejudice resulted directly from Lang's failure to comply with Local Rule 5.1(c)(1) and the District Court order. *Id.* at 3. Third, the District Court found the motion failed to demonstrate excusable neglect. *Id.* at 4–5.

This appeal followed.

## ARGUMENT

I. **The District Court's Dismissal of the Case for Failure to Comply With Its Orders and Applicable Procedural Rules is <u>Well Within Its Discretion.</u>**

The Court should affirm the dismissal of this case. *See Gardner v. United States*, 211 F.3d 1305, 1308 (D.C. Cir. 2000) (review of dismissal for noncompliance with district court's order is for abuse of discretion). In the interest of judicial transparency, the Rules require litigating parties to be identified on the public record, and courts make few exceptions. *See* Fed. R. Civ. P. 10(a), 17(a); *In re Sealed Case*, 931 F.3d 92, 96–97 (D.C. Cir. 2019); *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995). Rule 10 has been amended only once since its adoption in 1937, and the 2007 amendments were merely stylistic. *See* Fed. R. Civ. P. 10, Advisory Comm. Notes. One of the ways that parties

are identified is connecting their names to their residential addresses, unless for safety or other reasons presented to the court, plaintiff demonstrates that an extraordinary exception is necessary. Without appropriate identifying information, a party is essentially allowed to proceed under a pseudonym, and that is strongly disfavored. *In re Sealed Case*, 971 F.3d 324, 326 (D.C. Cir. 2020).

In service of Rule 10, Local Rule 5.1(c)(1) requires, "[t]he first filing by or on behalf of a party" to include "in the caption the name and full residence address of the party," and, if the parties are pro se, "the party's telephone number." LCvR 5.1.(c)(1). The Rule warns that "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant." *Id*.

The record is replete with insufficient identifying information for dozens of plaintiffs spanning three different pleadings, which creates chaos and risks harmful and prejudicial errors. The complaint itself only included an address for Lang, listing a post office box and not a residential address, and no telephone number. Compl. (R.1) at 1.[2] Also,

---

[2] A telephone number purportedly for Lang appears on the Civil Cover Sheet. Civ. Cover Sheet (R.1-1). As the District Court, however, observed the telephone number was apparently not Lang's. Min. Order

the motion for joinder included the same address for Lang, and no telephone number, and did not list any information for the additional individuals who sought to join. Mot. Join. (R.4). As a non-attorney, Lang, the first-named plaintiff on each of the pleadings, may not bring any grievance into court other than his own because otherwise he would be engaging in the unauthorized practice of law. *See Deppenbrook v. Pension Benefit Guar. Corp.*, 778 F.3d 166, 168 (D.C. Cir. 2015) ("Deppenbrook, as a *pro se* party, may represent himself only." (citing *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (appellee's son, "not a member of the bar of any court," could appear *pro se* but was "not qualified to appear in the District Court or in this court as counsel for others"))).

In any case, no *pro se* litigant has a "license" to "ignore the Federal Rules of Civil Procedure" and the local rules. *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993) (citation and internal quotation marks omitted); *see Oviedo v. Wash. Metro. Area Transit Auth.*, 948 F.3d

---

of Apr. 15, 2024. The reinstatement motion confirmed that the number listed was unlikely to reach Lang because he was in prison without regular access to a telephone throughout the lifespan of the lawsuit. Mot. Relief from J. (R.11) ¶¶ 11, 13.

386, 397 (D.C. Cir. 2020); *Mischler v. Pence*, Civ. A. No. 20-1863 (TSC), 2022 WL 123891, at *3 (D.D.C. Jan. 13, 2022), *aff'd* No. 22-5042, 2023 WL 5212592 (D.C. Cir. Aug. 3, 2023) ("[S]tatus as a pro se litigant does not constitute a license . . . to ignore the Federal Rules of Civil Procedure, the court's local rules, and orders." (internal quotations omitted)).

To prompt compliance with Rule 10 and Local Rule 5.1, the District Court pointed out to Plaintiffs the requirements of Local Rule 5.1(c)(1) and provided Lang and the other Plaintiffs an opportunity to cure their deficiency, ordering them to "show cause why the case should not be dismissed for failure to comply with Local Rule 5.1(c)(1)." Min. Order of Apr. 15, 2024. "The assistance provided by the district courts, however, does not constitute a license for a plaintiff filing pro se to ignore the [local rules]." *Moore*, 994 F.2d at 876. And, despite the warning in Local Rule 5.1(c)(1) and the District Court's express warning on its order to show cause (Min. Order of Apr. 15, 2024), the deficiency was not cured by the deadline set, which was several months after the lawsuit had been initiated and a general order (Standing Order (R.3)) had directed Lang and all Plaintiffs to information about the federal and local procedural rules and need to comply with them and the District Court's orders. As

a result, Plaintiffs were on clear notice more than once prior to dismissal on April 30, 2024, that the case could be dismissed for failure to identify residential information for each plaintiff. Min. Order of Apr. 30, 2024.

This case exemplifies the importance of party identification to the District Court's ability to administer the case with certainty about whose rights are at stake and that all parties have adequate notice of the proceedings. The difficulty of prosecuting a civil case while imprisoned is not a recognized exception to the Rules, and in this case Lang's omission of his residence address failed to alert the District Court at the outset of the case to his incarceration, which the District Court reasonably found "had the effect of misleading the Court about [Lang's] incarcerated status—preventing a proper application of the screening procedures provided in 28 U.S.C. § 1915[,]" the Prisoner Litigation Reform Act. Order (R.16) at 3.

Second, it appears from the record that the motion to join "was filed in [an individual]'s name without his consent and with a potentially forged signature" *id,* and thus, frustrated the District Court's ability to identify the parties to the litigation. The identification of the plaintiffs is fundamental and basic to the administration of a case. After several

months during which the District Court had granted leave for a second amended complaint to afford extra time for compliance with the rule requiring all plaintiffs to be properly identified and to sign the complaint themselves or through counsel. *See* Fed. R. Civ. P. 11. Because nothing in the record indicated that even one plaintiff had complied with Rule 10 and Local Rule 5.1 or given any reason why an exception should be made when the district court dismissed the case, the dismissal was well within the District Court's discretion. *See Harley v. City of Philadelphia*, 748 F. App'x 344, 344 (D.C. Cir. 2018) ("Appellant has identified no error in the district court's dismissal without prejudice of her case for failure to file an amended complaint identifying the full names and addresses of the parties being sued." (citing LCvR 5.1(c)(1)); *Matthews v. Astrue*, 424 F. App'x 1, 1 (D.C. Cir. 2011) ("Appellant has not shown that the district court erred in dismissing his case for failure to prosecute when he did not maintain a current address of record with the court." (citing LCvR 5.1(e)).

## II. The District Court Appropriately Denied the Motion to Reinstate.

The District Court also acted well within its discretion when it denied the motion to reinstate the case filed by counsel. *See Messina v. Krakower*, 439 F.3d 755, 759 (D.C. Cir. 2006) (holding denial of Rule 59(e)

motion is reviewed for abuse of discretion); *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988) (holding denials of Rule 60(b) motion is reviewed for abuse of discretion). Significantly, counsel is not entitled to the latitude afforded to pro se parties, *see Spence v. Dep't of Veterans Affs.*, 109 F.4th 531, 538 (D.C. Cir. 2024) ("[W]e have recognized in similar circumstances that the typical leniency afforded pro se litigants does not necessarily follow for pro se lawyers."), and the motion to reinstate failed to chart a compliant path forward.

First, nothing in the reinstatement motion identified any "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks omitted); *accord Ciralsky v. CIA*, 355 F.3d 661, 668, 671 (D.C. Cir. 2004). Even the loss of meritorious claims not diligently prosecuted in compliance with procedural rules does not amount to "manifest injustice." *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1296, (D.C. Cir. 2004) ("We can hardly say that the district court abused its discretion in declining to vacate its judgment of dismissal to prevent 'manifest injustice'" when "the dismissal of the[]suit might have been avoided

through the exercise of due diligence."); *Ciralsky*, 355 F.3d at 673 ("We also cannot find that the district court abused its discretion in concluding that manifest injustice does not exist where, as here, a party could have easily avoided the outcome[.]" (cleaned up)).

Second, the District Court's decision was also correct under Rule 60(b), which generally applies when the motion is filed outside the time allowed for Rule 59(e) motions. Rule 60(b) affords district courts discretion to correct final judgment, among other reasons, in cases of "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). But "relief for excusable neglect is rare . . . and relief for 'any other reason' under Rule 60(b)(6) is even more rare, being available only in extraordinary circumstances." *Owens v. Republic of Sudan*, 864 F.3d 751, 818–19 (D.C. Cir. 2017) (cleaned up).

Here, the reinstatement motion filed by counsel failed to satisfy the high standard for reopening under Rule 60(b) because it failed to articulate any excusable neglect for omitting the addresses for plaintiffs or any other plausible ground for relief from the District Court's order. At a bare minimum, excusable neglect requires a showing of at least

"'some reasonable basis' for not meeting a filing deadline." *Cohen v. Bd. of Trs. of the Univ. of the D.C.*, 819 F.3d 476, 479 (D.C. Cir. 2016) (citation omitted). The motion relied exclusively on Lang's being imprisoned and (based on a representation by counsel) his being allegedly placed in solitary confinement for an unspecified period. But nothing in the motion explained Lang's failure to comply with Local Rule 5.1(c)(1) in the first place or after he had been placed on notice of the requirements by the Court's February 2, 2024, Order and before being placed in solitary confinement. And without any dates of Lang's solitary confinement or any articulation of how newly appearing counsel planned to move the action into compliance with the procedural rules were the case reinstated, the motion did not carry the burden to show extraordinary relief was warranted under Rule 60(b). *See also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (Rule 60(b)(6) is only available when "the motion . . . is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)."); *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007) (Rule 60(b)(6) is mutually exclusive with other grounds for relief under Rule 60(b)). That claims are lost due to procedural fouls or missed deadlines is not a basis requiring relief from

<mark>
</mark>

a judgment, and Plaintiffs were all represented by an attorney at the reconsideration stage, and thus not entitled to any latitude for persistent and unaddressed noncompliance with Local Rule 5.1.  *See also Morrissey v. Mayorkas*, 17 F.4th 1150, 1162–63 (D.C. Cir. 2021) (attorney error for failing to comply with a rule of procedure is generally insufficient to warrant altering or amending a final judgment).

For these reasons, there is no basis to conclude that the District Court abused its discretion when it denied the motion to reinstate.

\* \* \*

## CONCLUSION

Because the issues are straightforward and controlled by clear precedent, further briefs will not be helpful to the Court. Accordingly, this Court should summarily affirm the District Court's dismissal of this case and refusal to reinstate it.

> MATTHEW M. GRAVES
> United States Attorney
>
> BRIAN P. HUDAK
> JANE M. LYONS
> Assistant United States Attorneys
>
> */s/ Joseph F. Carilli, Jr.*
> JOSEPH F. CARILLI, JR.
> Assistant United States Attorney
> 601 D Street, N.W.
> Washington, D.C. 20530
> (202) 252-2525
> joseph.carilli@usdoj.gov
>
> *Attorneys for the United States of America*

## CERTIFICATE OF COMPLIANCE

I hereby certify that foregoing complies with Federal Rule of Appellate Procedure 27(d)(2)(A), in that it contains 3470 words, is in fourteen-point font and utilizes Century Schoolbook typeface.

                                          */s/ Joseph F. Carilli, Jr.*
                                          JOSEPH F. CARILLI, JR.
                                          Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on this 7th day of October, 2024, the foregoing has been served on Appellants through counsel via email at attorneylambert@protonmail.com.

                                          */s/ Joseph F. Carilli, Jr.*
                                          JOSEPH F. CARILLI, JR.
                                          Assistant United States Attorney